# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | |
|---|---|
| **RAFAEL A. JONES,** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| **vs.** | ) **Case No. 4:11cv1310 SNLJ/TCM** |
| | ) |
| **JENNIFER SACHSE,** | ) |
| | ) |
| **Respondent.** | ) |

## ORDER AND REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Rafael A. Jones ("Petitioner"), a Missouri prisoner, petitions the United States District Court for the Eastern District of Missouri for federal habeas corpus relief from convictions and a probation revocation following guilty pleas. See 28 U.S.C. § 2254. Jennifer Sachse ("Respondent") filed a response to Petitioner's habeas petition, including exhibits consisting of materials from Petitioner's underlying cases in the St. Louis County Circuit Court[1] (see Docs. 18, 168, and 169). Also before the Court are various motions filed by Petitioner [Docs. 158, 159, 161, 162, and 171], to which Respondent has not filed a response.

---

[1] Petitioner also submitted as exhibits certain materials from his relevant underlying cases in the St. Louis County Circuit Court. See, e.g., Ex. J Petitioner provided at Doc. 6 at 14-27. Some of the materials Petitioner provided as exhibits, however, are not materials from underlying state court cases pertinent to the convictions and issues under consideration in this federal habeas proceeding. See, e.g., Rule 5 of the Rules Governing Habeas Corpus Cases Under Section 2254. Under the circumstances, and because Respondent has now filed the necessary materials from Petitioner's relevant underlying state court proceedings, the undersigned will consider in resolving the issues raised by Petitioner's petition only the exhibits filed by Respondent.

This matter is before the undersigned United States Magistrate Judge for a review and recommended disposition of Petitioner's federal habeas petition and any dispositive motion; and for resolution of any non-dispositive motions. See 28 U.S.C. § 636(b); Rules 8(b) and 10 of the Rules Governing Section 2254 Cases in the United States District Courts. The undersigned recommends the dismissal of the petition without further proceedings upon finding that the Court lacks jurisdiction to consider the challenge to the misdemeanor offense in one underlying state criminal case and that this habeas proceeding was untimely filed with respect to the challenges to the 2007 conviction on the felony offense in the same underlying case; that Petitioner's ineffective assistance of counsel claims are too generalized to state a federal habeas claim; that the claimed state law violation is not cognizable; that certain challenges to the 2010 probation revocation proceeding and judgments are not exhausted and must be presented in state habeas proceedings; and the remaining challenges to the 2010 proceeding and judgment are not exhausted but further consideration of those claims is procedurally barred. Additionally, the undersigned recommends that all pending motions and requests be denied to the extent they present issues unrelated to this federal habeas proceeding and otherwise be denied as moot.

## Background

This federal habeas proceeding arises out of two state criminal proceedings.

In **State v. Jones**, No. 07SL-CR03429-01[2] (St. Louis Cnty. Cir. Ct. filed July 20,

---

[2] References to a state court criminal case by number followed by "-01" includes a reference to the related criminal case of the same number not followed by an "-01" designation.

Respondent submitted, as her Exhibit J, materials from state case number 3429. (See Doc. 169-2.) A few of the materials in that exhibit include a complete social security number. (See, e.g.,

2007) (referred to as "state case number 3429"), Petitioner was charged with one felony count of domestic assault in the second degree, in violation of Mo. Rev. Stat. § 565.073, for attempting to cause physical injury to Tasharo Smith ("Victim"), an adult who resided with Petitioner, by choking her on July 19, 2007; and one misdemeanor count of third-degree domestic assault, in violation of Mo. Rev. Stat. § 565.074, for knowingly causing Victim's isolation through unreasonable and substantial restriction on her access to other individuals and telecommunication devices on the same date. (See, e.g., Information, filed Aug. 14, 2007 [Doc. 169-2 at 67-68].)

On November 2, 2007, in the presence of his attorney, Petitioner pleaded guilty to both counts in state case number 3429. (See Nov. 2, 2007 Plea and Sentencing Tr. at 1-18 [Doc. 169-2 at 36-54].) Before accepting Petitioner's guilty plea, the plea court advised Petitioner that the felony count carried "a range of punishment from one day to seven years incarceration . . . and a $5,000 fine[; that the misdemeanor count] can add one year incarceration and a thousand dollar fine"; and that, if he went to trial, there was a potential, based on two prior criminal cases against Petitioner, that Petitioner would be found to be a prior and persistent offender, which status would enhance the potential period of incarceration on the felony offense from seven years to fifteen years. (Id. at 6, 7-8, and 11 [Doc. 169-2 at 41, 42-43, and 46].) The parties advised the plea court that they had reached a plea agreement in which the State recommended that Petitioner receive, on the felony offense, a seven-year term of

_____

Doc. 169-2 at 59 and 67.) The undersigned will, therefore, direct that Document 169-2 be placed and maintained under seal.

imprisonment with execution of that sentence suspended and a five-year term of probation imposed, and that Petitioner receive, on the misdemeanor offense, a term of "105 days in the department of justice services with credit for time served," resulting in the period of incarceration on the misdemeanor offense being "satisfied." (Id. at 2-3 [Doc. 169-2 at 37-38].) The State further recommended that the conditions of probation for the felony offense include a provision that Petitioner serve a 105-day period of "shock incarceration in the department of justice services, concurrent with [the sentence imposed on the misdemeanor count], [that Petitioner receive] credit for time served, and [that Petitioner] be discharged as to that condition." (Id. at 3 [Doc. 169-2 at 38].) Additionally, the State recommended that Petitioner be required "to successfully complete the Raven program . . . [and] the React program," "to have absolutely no contact with [Victim] under any circumstances," and to "undergo a psychiatric evaluation and follow any recommended treatment." (Id.)

The State reported that its

evidence would show that [Victim] and [Petitioner] had been living together at her residence . . . for the previous two months prior to this [incident on July 19, 2007].

On that date at approximately 9:00 p.m., [Victim] and [Petitioner] were at her residence when [Petitioner] accused her of seeing another man. [Victim] was sitting on the floor and listening to some music when [Petitioner] put his hands around her neck and began to choke her. She managed to get up and was forced face down onto a bed. [Petitioner] then climbed onto her back and began to choke her from behind until she couldn't breathe.

From that point, [Victim] was forced to stay in the apartment and not allowed to leave or use the phone. During this time, [Petitioner] threatened to kill her. The next morning when [Victim] saw [Petitioner] had fallen asleep, [Victim] got her child and immediately went to the nearest St. Louis County

- 4 -

police station. [Petitioner] was subsequently found by police in the apartment, still asleep, and was taken into custody at that time.

(Id. at 13-14 [Doc. 169-2 at 47-48].)   Petitioner acknowledged that these facts were "substantially correct," and asked the court to accept his plea because he was "in fact, guilty as charged."  (Id. at 15 [Doc. 169-2 at 51].)

After accepting Petitioner's guilty plea, the plea court sentenced Petitioner on the same day.  (Id. at 15-17 [Doc. 169-2 at 51-53].)  On the felony offense, the plea court sentenced Petitioner to a seven-year term of imprisonment, with execution of that sentence suspended and a five-year probationary period imposed.  (Id. at 15-16 [Doc. 169-2 at 51-52]; Sentence and J., filed Nov. 2, 2007, at 2 [Doc. 169-2 at 63].)  The plea court expressly provided that the "normal conditions of probation [were] to include 105 days of shock incarceration, [and Petitioner was] discharged as to that condition; Raven; . . . no contact with [Victim] under any circumstances; . . . psych evaluation and treatment as needed[; and] completion of the Reach program."  (Nov. 2, 2007 Plea and Sentencing Tr. at 16 [Doc. 169-2 at 52]; see also Sentence and J., filed Nov. 2, 2007, at 2 [Doc. 169-2 at 63].)  As to the misdemeanor offense, the plea court sentenced Petitioner to a term of 105 days in the county jail and discharged Petitioner as to that sentence due to credit for time served.  (Nov. 2, 2007 Plea and Sentencing Tr. at 16 [Doc. 169-2 at 52]; Sentence and J. in state case number 3429, filed Nov. 2, 2007, at 2 [Doc. 169-2 at 63].)  These sentences ran concurrently.  (See, e.g., Sentence and J. in state case number 3429, filed Nov. 2, 2007, at 2 [Doc. 169-2 at 63].)  As the sentencing court advised Petitioner at that time, he was then "only under probation" on the felony offense in state case

number 3429.  (See Nov. 2, 2007 Plea and Sentencing Tr. at 16 [Doc. 169-2 at 52].)

In January 10, 2008, Petitioner was charged in **State v. Jones**, No. 07SL-CR06638-01

(St. Louis Cnty. Cir. Ct. filed Nov. 26, 2007) (referred to as "state case number 6638"),[3] with

two counts of felony non-support, in violation of Mo. Rev. Stat. § 568.040, for knowingly

failing, without good cause, to provide support for RAJ, Petitioner's child for whom Petitioner

"was legally obligated to provide . . . support," in each of six months during the period

September 1, 2005 and August 31, 2006 (Count I) and during the period September 1, 2006

to October 31, 2007 (Count II).  (Information, filed Jan. 10, 2008 [Doc. 169-1 at 25].)

On August 1, 2008, in the presence of his attorney, Petitioner pleaded guilty to both

counts in state case number 6638.  (See Aug. 1, 2008 Plea and Sentencing Tr. at 1-14 [Doc.

169-2 at 21-35].)  Before accepting the plea, the plea court advised Petitioner that the range

of punishment for each of these criminal non-support offenses was "from one day to four

_____

[3] Respondent submitted, as her Exhibit I, materials from state case number 6638.  (See Doc.
169-1.)  A few of the materials in that exhibit include a complete social security number.  (See, e.g.,
Doc. 169-1 at 11, 19, 21, and 25.)  The undersigned will, therefore, direct that Document 169-1 be
placed and maintained under seal.  Two transcripts of guilty pleas and sentencings in state case
number 6638 are not available in that exhibit but are available as part of Respondent's Exhibit J [see
Doc. 169-2 at 21-35 and 9-20]).

Before filing this federal habeas proceeding, Petitioner had filed a federal habeas petition
challenging the conviction and sentence in state case number 6638.  See **Jones v. Missouri**, No.
4:09cv00475 RWS (E. D. Mo. filed Mar. 23, 2009).  That federal habeas proceeding was dismissed
for failure to exhaust state remedies.  See id., Mem. and Order, filed Apr. 3, 2009.  That dismissal does
not prohibit the consideration of the present federal habeas corpus proceeding, even though Petitioner
did not seek permission from the United States Court of Appeals for the Eighth Circuit under 28 U.S.
C. § 2244 to pursue this potentially second or successive federal habeas proceeding.  See, e.g., **Slack
v. McDaniel**, 529 U.S. 473, 478, 485-87 (2000).  Nothing in this recommendation should
be interpreted as a determination by the undersigned of any effect § 2244 may have on any federal
habeas petition challenging the conviction and sentences in state case number 6638 that Petitioner
may subsequently submit.

years incarceration and up to a $5,000 fine." (Id. at 8 [Doc. 169-2 at 28].) The parties advised the plea court that they had reached a plea agreement in which the State recommended that the court

> suspend the imposition of sentence, and place [Petitioner] on probation for a period of five years to the state board of probation and parole . . . [t]hat would be subject to all of the usual terms and conditions [as well as] the special conditions that starting September 1st, [Petitioner] pay child support of $350 per month, [consisting of] $187 for current support and $163 for the arrears.

(Id. at 2-3 [Doc. 169-2 at 22-23].)

The State advised the court that its evidence would prove beyond a reasonable doubt that, during the dates alleged, Petitioner knowingly failed, without good cause, to provide adequate support for RAF, Petitioner's "child for whom he was legally obligated to provide such support" for at least six months for each offense. (Id. at 10-11 [Doc. 169-2 at 30-31].) The State further reported that Petitioner's "legal obligation [for child support] arose from a St. Louis County Circuit Court order that was entered May 2, 2002, [in] case number 02FC4589 that ordered support in the amount of $105 per month, and . . . was modified [on] October 7th, 2005 to $187 per month for that child support." (Id. at 11 [Doc. 169-2 at 31].) Petitioner acknowledged that these facts were "substantially correct," and asked the court to accept his plea because he was "in fact, guilty as charged." (Id. at 11-12 [Doc. 169-2 at 31-32].)

After accepting Petitioner's guilty plea, the plea court sentenced Petitioner on the same day. (Id. at 12-13 [Doc. 169-2 at 32-33].) In relevant part, the plea court suspended imposition of sentence for a five-year probationary period on each of the two counts, with

those sentences running concurrently. (Id. at 12-13 [Doc. 169-2 at 32-33]; Sentence and J. in state case number 6638, filed Aug. 1, 2008, at 2 [Doc. 169-1 at 22-23].) The conditions of probation in state case number 6638 included both a requirement that Petitioner obey all laws and ordinances (referred to as probation condition number 1, the Laws provision) and a requirement that Petitioner abide by any directives given by his probation officer (referred to as probation condition number 8, the Directives provision). (See Order of Probation in state case number 6638 [Doc. 169-1 at 19].)

On that same day, August 1, 2008, the state court entered a probation revocation judgment in Petitioner's earlier criminal case, state case number 3429, which "continued" probation in that case until November 1, 2012. (See Probation Revocation H'rg and J. in state case number 3429, filed Aug. 1, 2008 [Doc. 169-2 at 60].) In relevant part, the conditions of that probation included both a requirement that Petitioner obey all laws and ordinances (referred to as probation condition number 1, the Laws provision) and a requirement that Petitioner abide by any directives given by his probation officer (referred to as probation condition number 8, the Directives provision). (See Order of Probation in state case number 3429 [Doc. 169-2 at 59].)

Petitioner was subsequently charged with violating the Laws provision and the Directives provision of his probation conditions in state case numbers 3429 and 6638. (See Notices of Hr'g on Revocation of Probation, filed July 28, 2009 and March 15, 2010, in case numbers 3429 and 6638 [Doc. 169-2 at 71-72 and 69-70, respectively, for state case number 3429, and Doc. 169-1 at 16-17 and 14-15, respectively, for state case number 6638].) By

orders, dated July 28, 2009, Petitioner's probation was modified and suspended in both state case number 3429 and state case number 6638 due to Petitioner's probation violation. (See Orders, filed July 28, 2009, in state case numbers 3429 and 6638 [Docs. 169-2 at 61 and 169-1 at 18, respectively].)

The state court subsequently conducted one hearing, on July 29, 2010, for Petitioner's guilty plea and sentencing for the probation violations in state case numbers 3429 and 6638. (See, e.g., July 29, 2010 Plea & Sentencing Tr., filed Nov. 1, 2010, in state case numbers 3429 and 6638 [Doc. 169-2 at 9-20].) Before accepting Petitioner's guilty plea, the plea court and counsel, on the record in Petitioner's presence, discussed the State's recommendation that on the felony domestic assault offense in state case number 3429, Petitioner's seven-year sentence be executed with credit for the nineteen months Petitioner spent on probation and for any jail time; and that on the two felony non-support offenses in state case number 6638, a three-year sentence be imposed for each offense, with credit for the sixty days Petitioner spent on probation and for any jail time; and that all sentences run concurrently. (Id. at 2-5 [Doc. 169-2 at 10-13].) The plea court also explained that the imposition of sentence in state case number 6638 might extend the time Petitioner expected to serve before being released. (Id. at 5 and 8-9 [Doc. 169-2 at 13 and 15-16].)

After accepting Petitioner's waiver of a probation revocation hearing and guilty plea in state case numbers 3429 and 6638, the plea court sentenced Petitioner on the same day. (Id. at 10-11 [Doc. 169-2 at 17-18].) With respect to the felony second-degree domestic assault offense in state case number 3429, the previously imposed seven-year sentence was

executed with a credit given for the nineteen months Petitioner spent on probation and for any jail time Petitioner had served. (Id. at 10 [Doc. 169-2 at 17]; Sentence and J. in state case number 3429, dated July 29, 2010 [Doc. 169-2 at 56-58]; Probation Revocation Hr'g and J. in state case number 3429, dated July 29, 2010 [Doc. 169-2 at 55].) For each of the two felony non-support offenses in state case number 6638, the plea court imposed a three-year term of imprisonment, with credit given for the sixty days that Petitioner spent on probation and for any jail time Petitioner had served. (July 29, 2010 Plea & Sentencing Tr., filed Nov. 1, 2010, in state case numbers 3429 and 6638, at 10-11 [Doc. 169-2 at 17-18]; Sentence and J. in state case number 6638, dated July 29, 2010 [Doc. 169-1 at 11-13]; Probation Revocation Hr'g and J. in state case number 6638, dated July 29, 2010 [Doc. 169-1 at 10].) All sentences ran concurrently with each other in state case numbers 3429 and 6638, and with another of Petitioner's cases, state case number 0822-CR07366. (July 29, 2010 Plea & Sentencing Tr., filed Nov. 1, 2010, in state case numbers 3429 and 6638, at 10 [Doc. 169-2 at 17]; Sentence and J. in state case number 3429, dated July 29, 2010, at 2 [Doc. 169-2 at 57]; Sentence and J. in state case number 6638, dated July 29, 2010, at 2 [Doc. 169-1 at 12].)

The undersigned has not found or been directed to the filing of any appeal by Petitioner after the 2007, 2008, or 2010 guilty pleas.[4] As he references in his federal habeas petition, Petitioner did file a post-conviction proceeding after the July 29, 2010, guilty plea

---

[4] An appeal from a guilty plea is not the proper time to present federal constitutional claims in state court as "[i]t is well settled that in a direct appeal from a guilty plea, th[e Missouri appellate] court's review is restricted to the subject-matter jurisdiction of the trial court or the sufficiency of the information or indictment." **State v. Goodues**, 277 S.W.3d 324, 326 (Mo. Ct. App. 2009); accord **State ex rel. Simmons v. White**, 866 S.W.2d 443, 446 n.4 (Mo. 1993) (en banc).

and sentencing, see **Jones v. State**, cause no. 10SL-CC004085 (St. Louis Cnty Cir. Ct. filed Oct. 6, 2010) (state case number 4085).  Respondent submitted, as her Exhibit H, materials from that state court proceeding.  Those materials reveal the following.

On October 6, 2010, Petitioner filed pro se a  motion to vacate, set aside, or correct the judgment or sentence under Missouri Supreme Court Rule 24.035 ("post-conviction motion") challenging the July 29, 2010 judgments in state case numbers 3429 and 6638.  (See Pet'r Pro Se Post-Conviction Mot. [Doc. 168-4 at 97-102].)  Petitioner argued he had not received credit for all the time he had served, that he had served 95 months on sentences totaling 84 months, and that he should be released immediately.  (Id. at 2 [Doc. 168-4 at 98].)   In December 2010 Petitioner submitted pro se an amended post-conviction motion contending that he had served all jail time to which he had been sentenced and his continued detention violated his Sixth, Eighth, and Fourteenth Amendment rights.  (See Pet'r Pro Se Am. Post-Conviction Mot. [Doc. 168-4 at 60-65].)

On February 4, 2011, Petitioner filed, through counsel, an amended post-conviction motion, which had attached to it a copy of Petitioner's original pro se post-conviction motion and included a request for an evidentiary hearing.  (See Pet'r Am. Post-Conviction Mot. [Doc. 168-4 at 20-39].)  In addition to the claim(s) presented in his original pro se post-conviction motion, Petitioner urged that he was denied his rights to due process and the effective assistance of counsel in violation of his rights under the Fifth, Sixth, and Fourteenth Amendments in that his plea attorney misinformed him "that he would receive all of his jail time credit which was 43 months on the 7 year sentence (domestic assault conviction) and 32

months on the 3 year sentence (criminal nonsupport convictions) in exchange for his plea of guilty." (Id. at 3 and 6 [Doc. 168-4 at 22 and 25].)

Petitioner then filed, on February 7, 2011, a "waiver of right to post-conviction counsel" asking the post-conviction motion court to allow him to represent himself on "his rule 24.035 *pro se* post-conviction motion." (Pet'r Waiver [Doc. 168-4 at 12-15].) The post-conviction motion court[5] scheduled a conference for April 15, 2011, and, on that date, sustained Petitioner's counsel's request to withdraw. (PCR Pre-Trial Conference Order, filed Mar. 29, 2011 [Doc. 168-4 at 11]; Order, filed Apr. 15, 2011 [Doc. 168-4 at 10].) That court also dismissed the "writ of mandamus . . . without prejudice for lack of jurisdiction [because such a writ] must be filed in the jurisdiction where [the petitioner] is incarcerated"; and denied all pending motions without prejudice as moot. (Order, filed Apr. 15, 2011 [Doc. 168-4 at 10]. ) Petitioner's subsequent motion to reopen the post-conviction motion proceeding was denied after the post-conviction motion court took judicial notice of its files and records and "conclude[d] that nothing contained in [the] motion cause[d] the Court to find that the relief sought is necessary or appropriate." (J., filed May 25, 2011 [Doc. 168-4 at 3].) The undersigned finds no indication that Petitioner subsequently filed a post-conviction appeal in state court, or presented any application for habeas corpus or other extraordinary relief to any state court with respect to the 2010 convictions, probation revocations, and sentencings in state case numbers 3429 and 6638.

---

[5] The judge presiding over Petitioner's post-conviction motion proceeding was the same judge who had presided over the criminal proceedings against Petitioner in state case numbers 3429 and 6638.

On July 26, 2011, Petitioner filed the federal habeas petition now before the Court. In this proceeding, Petitioner presents four grounds for relief. First, Petitioner challenges his felony convictions in state case number 6638 on the basis that he was convicted of felony non-support in the absence of a paternity finding and challenges his felony domestic assault conviction in state case number 3429 on the basis that the conviction was supported only by a hearsay police report in that the "witness was not at the alleged scene." (Pet'r Pet'n at 6 [Doc. 1 at 5].) For ground two Petitioner contends that, in state case number 3429, Petitioner was charged with two counts of assault "in [the] same indictment which represents two tier prosecuting." (Id. at 7-8 [Doc. 1 at 6-7].) In ground three Petitioner asserts that his trial and appellate attorneys "knew beyond a reasonable doubt [that he] was being held in violation of U. S. Const[itution] . . . and did nothing about it." (Id. at 9 [Doc. 1 at 8].) For his fourth and final ground for relief, Petitioner argues the state court lacked jurisdiction under Mo. Rev. Stat. § 506.500. (Id. at 11 [Doc. 1 at 10].) Throughout his federal habeas petition, Petitioner references a state habeas corpus action he filed under Missouri Supreme Court Rule 91 related to state case numbers 3429 and 6638, without providing a state court case number other than the three state case numbers, 3429, 6638, and 4085, for the above-mentioned underlying state cases. (See, e.g., id. at 3, 4, 6, 10, and 12 [Doc. 1 at 2, 3, 5, 9, and 11].)

Respondent counters that Petitioner cannot challenge his conviction in state case number 3429 for two reasons. First, Petitioner is not "in custody" with respect to the misdemeanor offense in that case because he had been discharged from that sentence before he filed this federal habeas proceeding. (Resp't Response at 1-2 [Doc. 18 at 1-2].) Secondly,

Respondent argues that, as to the felony offense in state case number 3429, Petitioner did not timely file this federal habeas proceeding in that it was filed in 2011, which was more than one year after his November 2, 2007 sentence and conviction became final, and nothing occurred to extend that statutory limitations period, citing 28 U.S.C. § 2244(d).  (Resp't Response at 2-3 [Doc. 18 at 2-3].)  Respondent further contends that Petitioner has not satisfied the exhaustion requirement because he has not sought state habeas relief in a state appellate court, even if he did seek state habeas relief in a circuit court as he references; and that procedural bar issues preclude consideration of other unexhausted challenges to the 2010 proceeding and judgments.  (Id. at 3-4.)

While expressly stating she does not waive procedural default or exhaustion issues, Respondent also addresses the merits of each of Petitioner's claims.  With respect to ground one, Respondent points out that Petitioner's challenged convictions resulted from guilty pleas, rather than from hearsay or a lack of a paternity finding; Petitioner had an attorney representing him in those plea proceedings; and Petitioner does not contend that the pleas were involuntary or unknowing. (See id. at 4-5.)  As to Petitioner's second ground, that he was improperly charged in one case with two assault charges, Respondent argues that Petitioner cannot show prejudice in that he pleaded guilty to both counts and does not challenge the knowing and voluntary nature of that plea.  (Id. at 5.)  With respect to Petitioner's third ground for relief, that his attorneys provided ineffective assistance of counsel, Respondent urges that this claim fails because Petitioner did not allege "what specific actions his attorneys took that made his guilty pleas unknowing or involuntary." (Id. at 6.)  In response to Petitioner's fourth

and final ground for relief, which challenges the state court's jurisdiction under Mo. Rev. Stat. § 506.500, Respondent contends it is not a viable claim in a federal habeas proceeding because it only presents a question of state law. (Id.)

With respect to the petition, the undersigned will first address the issues pertaining to: this Court's jurisdiction over the challenges to the 2007 misdemeanor offense conviction in state case number 3429, the timeliness of the petition as to the 2007 felony offense conviction in state case number 3429, the generalized allegations presenting the ineffective assistance of counsel claim in the third ground for relief, the cognizability of the state law violation presented in the fourth ground for relief, and the exhaustion and procedural bar issues pertaining to the 2010 proceeding and judgments. If the merits of any claim may be reached after consideration of these issues, then the undersigned will address the merits of any such claim. The undersigned will also address the other pending motions and requests submitted by Petitioner in this proceeding.

**Discussion**

Respondent first urges that Petitioner's challenges, in part of grounds one, three and four, and all of ground two, to the extent they focus on the 2007 proceedings, conviction, and sentence in state case number 3429 are not properly before the Court because the Court lacks jurisdiction over challenges to the misdemeanor conviction in that the sentence on that offense was fully completed before Petitioner filed this federal habeas action; and because the challenges regarding the felony offense in that case were not timely filed in that more than a year passed between the imposition on November 2, 2007, of the sentence on the felony

offense and the filing of Petitioner's federal habeas action. As to the 2010 proceeding and judgments regarding the felony offenses in both of the underlying cases, Respondent urges those challenges have not been exhausted. Respondent further argues that the generalized allegations presenting the ineffective assistance of counsel claim in ground three are insufficient to present federal habeas claims; and ground four presents only a state law violation that is not cognizable in a federal habeas action.

In Custody Requirement - Misdemeanor Offense in State Case Number 3429. Respondent argues this Court does not have jurisdiction to consider federal habeas relief for any constitutional challenge to the misdemeanor offense in state case number 3429 because the sentence for that offense was completed before Petitioner filed this federal habeas proceeding.

For purposes of a federal habeas proceeding pursued under 28 U.S.C. § 2254 by a state prisoner, this Court has jurisdiction to entertain the petition for habeas relief only when the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); see also 28 U.S.C. § 2254(a) ("a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States"). The "in custody" requirement of the federal habeas statute requires that the petitioner be "in custody" when the habeas corpus petition is filed. **Carafas v. LaVallee**, 391 U.S. 234, 238 (1968) (deciding that federal court jurisdiction is not terminated by the expiration of the sentence while the federal habeas

proceeding is pending).  This requirement is not fulfilled, and this Court lacks jurisdiction over a request for federal habeas relief, when the sentence imposed for the conviction being challenged has "*fully expired*" by the time the federal habeas action is filed.  **Maleng v. Cook**, 490 U.S. 488, 490-92 (1989) (per curiam) (alteration in original); <u>accord</u> **Weaver v. Pung**, 925 F.2d 1097, 1099 (8th Cir. 1991) (noting that "[a] person whose sentence has fully expired at the time his petition is filed can not satisfy the custody requirement" for a habeas action under § 2254); **Taylor v. Armontrout**, 877 F.2d 726, 726 (8th Cir. 1989) (per curiam) (affirming the district court's dismissal of a habeas petition filed under 28 U.S.C. § 2254 due to lack of jurisdiction because the petitioner was not "in custody" in that the sentence on the challenged conviction had fully expired).

The sentence imposed on Petitioner with respect to the conviction on the misdemeanor offense in state case number 3429 was discharged on the day Petitioner was sentenced, or on November 2, 2007.  Petitioner did not file this federal habeas proceeding until over three years after that date.  Because Petitioner filed this federal habeas challenge to the misdemeanor offense conviction in state case number 3429 after the 2007 sentence for that conviction was fully expired, the undersigned will recommend that this federal habeas proceeding be dismissed to the extent it presents any challenge to that conviction and sentence.

<u>Timeliness - 2007 Judgment on Felony Offense in State Case Number 3429.</u> Respondent also argues that Petitioner filed this federal habeas action more than one year after the 2007 judgment was entered on the felony offense in state case number 3429 and,

therefore, Petitioner did not timely file this action within the one-year limitation period set forth in 28 U.S.C. § 2244(d).

To be considered timely under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a petitioner must, in relevant part, file a federal habeas petition within one year after the date the challenged judgment "became final," either due to the conclusion of direct review of that judgment or the expiration of time for seeking such review.  28 U.S.C. § 2244(d)(1)(A).  In Missouri criminal cases, a judgment becomes final when sentence is entered.  **State v. Larson**, 79 S.W.3d 891, 893 (Mo. 2002) (en banc).  Importantly, a judgment providing for the suspended execution of a sentence, like the one entered on November 2, 2007, with respect to the felony offense in state case number 3429, constitutes a final judgment.  See, e.g., **Edwards v. State**, 215 S.W.3d 292, 295 (Mo. Ct. App. 2007) (finding a post-conviction movant was not entitled to the benefit of a statutory amendment because the date when the trial court suspended execution of sentence was the date the judgment became final and that date was before the date of the amendment); **State v. Nelson**, 9 S.W.3d 687, 688 (Mo. Ct. App. 1999) (dismissing a direct appeal in a criminal case as untimely when the appeal was filed approximately three years after the trial court had suspended execution of a thirty-year sentence).

In 2007, the year that Petitioner was sentenced in state case number 3429, a notice of direct appeal in a criminal case had to be "filed not later than ten days after the judgment or order appealed from becomes final."  Missouri Supreme Court Rule 30.01(d) (version of Rule 30.01 in effect before the amendments effective on January 1, 2012).  Therefore, Petitioner

had ten days after November 2, 2007, or until Tuesday, November 13, 2007 (because Monday, November 12, 2007 was a federal holiday) in which to file a notice of appeal to obtain direct review of the final judgment. Petitioner did not seek such review and the opportunity to seek that review expired on November 13, 2007.

Under 28 U.S.C. §2244(d)(1) Petitioner had one year from that date, or until Thursday, November 13, 2008, to file a timely federal habeas petition challenging the plea and sentence on the felony offense in state case number 3429. Petitioner did not file the federal habeas proceeding in this case until July 26, 2011, or over two years after expiration of that one-year limitations period. Additionally, Petitioner did not file any state court proceedings between November 12, 2007 and November 13, 2008 that might extend, under 28 U.S.C. § 2244(d)(2), the time for filing a federal habeas action to challenge the 2007 proceedings and judgment regarding the felony offense in state case number 3429. Moreover, nothing of record and nothing submitted by Petitioner indicates that any equitable tolling principle applies to support the extension of that one-year limitations period. See **Holland v. Florida**, 560 U.S. 631, 645, 649-653 (2010); **Pace v. DiGuglielmo**, 544 U.S. 408, 418-19 (2005).

Petitioner's federal habeas petition is, therefore, untimely to the extent he challenges the November 2, 2007 plea, sentence, and judgment on the felony offense in state case number 3429; and, to that extent, the undersigned will recommend that the petition be dismissed as untimely. That recommendation does not apply to any federal habeas challenge Petitioner may now be pursuing with respect to the August 8, 2008 judgment entered in state

case number 6638 because that judgment, which provided for a suspended imposition of sentence, was not a final judgment as of that date. <u>See</u>, <u>e.g.</u>, **<u>Edwards</u>**, 215 S.W.2d at 295 (citing <u>Yale v. City of Independence</u>, 846 S.W.2d 193, 194-95 (Mo. 1993) (en banc)). Additionally, that recommendation does not apply to any federal habeas challenge Petitioner is now pursuing with respect to the July 29, 2010 judgments entered on the probation revocation pertaining to the felony offenses in state case numbers 3429 and 6638, because Petitioner timely filed this habeas proceeding within one year of those 2010 judgments.

Having concluded that the Court lacks jurisdiction to consider any challenge to the misdemeanor offense in state case number 3429 and that any challenge to the 2007 judgment on the felony offense in that case is untimely, the undersigned will not further consider any aspect of Petitioner's second ground for relief, which challenges the charged offenses in that case as a "two tier" prosecution; or grounds three and four to the extent they present challenges to the 2007 judgment. Additionally, due to the untimeliness of the federal habeas challenge to the 2007 judgment on the felony offense in state case number 3429, the undersigned will not further consider Petitioner's contention in ground one that the conviction on that offense was supported only by a hearsay police report because the "witness was not at the alleged scene." With respect to any challenge to the 2010 probation revocation proceeding and judgment in state case number 3429, grounds three and four remain under consideration. Ground one, to the extent it challenges the proceedings and judgments in state case number 6638, as well as grounds three and four to the extent they present challenges to the proceedings in state case number 6638, also remain under consideration at this point.

Generalized Allegations (Ground Three).  With respect to Petitioner's third ground for relief, Respondent contends that the claim fails because Petitioner did not allege "what specific actions his attorneys took that made his guilty pleas unknowing or involuntary."  In ground three Petitioner asserts that his trial and appellate attorneys "knew beyond a reasonable doubt [that he] was being held in violation of U. S. Const[itution] . . . and did nothing about it."  (Id. at 9 [Doc. 1 at 8].)  Petitioner does not delineate what conduct of his attorneys  is being challenged.

An accused's Sixth Amendment right to the assistance of counsel is a right to the effective assistance of counsel.  **Marcrum v. Luebbers**, 509 F.3d 489, 502 (8th Cir. 2007) (citing Kimmelman v. Morrison, 477 U.S. 365, 377 (1986)).  In **Strickland v. Washington**, 466 U.S. 668 (1984), the Supreme Court established a two-part test for determining whether or not an attorney provided effective assistance of counsel.  The petitioner must establish both deficient performance, i.e., that "counsel's representation fell below an objective standard of reasonableness," and prejudice, i.e., that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  **Id.** at 687-88, 694.  This same two-part standard "applies to challenges to guilty pleas based on [the] ineffective assistance of counsel."  **Hill v. Lockhart**, 474 U.S. 52, 57-59 (1985); see, e.g., **Gumangan v. United States**, 254 F.3d 701, 705 (8th Cir. 2001); **Wilcox v. Hopkins**, 249 F.3d 720, 722 (8th Cir. 2001).

Importantly, "[m]ere conclusory allegations will not suffice" to warrant federal habeas relief; instead, "a habeas corpus petitioner must allege sufficient facts to establish a

constitutional claim." **Wiggins v. Lockhart**, 825 F.2d 1237, 1238 (8th Cir. 1987).  Where

the petitioner has not alleged "any facts or provided any specifics to identify precisely how

his counsel failed to fulfill [his] obligations," a federal habeas court does not err in dismissing

the vague and conclusory allegations. **Spillers v. Lockhart**, 802 F.2d 1007, 1009-10 (8th Cir.

1986).

Due to the absence of specific allegations, the undersigned will recommend the

dismissal without further proceedings of the ineffective assistance of counsel claims in ground

three.

State Law Claim (Ground Four).  Respondent contends that ground four presents only

a state law claim, which is not a viable claim in a federal habeas proceeding.  In ground four,

Petitioner urges he is entitled to federal habeas relief due to the state courts' "lack of

jurisdiction under [Mo. Rev. Stat.] § 506.500."[6]

Federal habeas corpus relief is only available for someone in custody in violation of

the United States Constitution or in violation of federal laws or treaties.  **Estelle v. McGuire**,

502 U.S. 62, 68 (1991) ("In conducting habeas review, a federal court is limited to deciding

whether a conviction violated the Constitution, laws, or treaties of the United States"); 28

U.S.C. § 2254(a) ("a district court shall entertain an application for a writ of habeas corpus

in behalf of a person in custody pursuant to the judgment of a State court only on the ground

that he is in custody in violation of the Constitution or laws or treaties of the United States");

---

[6]  In general, that statute provides that a person's or entity's specified conduct may submit the person or entity  to the jurisdiction of Missouri courts with respect to certain civil causes of action. See Mo. Rev. Stat. § 506.500.

28 U.S.C. § 2241(c)(3) ("The writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States").

The undersigned will recommend the dismissal of this ground for relief because it is not cognizable in that Petitioner seeks relief based only on the purported violation of a state statute.  Accord **Wilson v. Cocoran**, 131 S. Ct. 13, 16-17 (2010) (per curiam) (concluding the lower court erred in granting federal habeas relief without finding that a violation of federal law had been established); **Poe v. Caspari**, 39 F.3d 204, 206-07 (8th Cir. 1994) (reversing the grant of federal habeas relief in part because such relief is not available when it is based on a contention a state court lacked jurisdiction under state law).

Exhaustion and Procedural Default.  The above discussion leaves before the Court only the claim in ground one that Petitioner is entitled to federal habeas relief with respect to state case number 6638 because there was no paternity finding to support the two felony non-support convictions in that case.  Respondent  contends that a failure to exhaust this claim, as well as Petitioner's procedural default of this claim, bars this Court's consideration of the merits of this ground for relief.[7]

To avoid procedurally defaulting on a claim, a federal petitioner seeking habeas review must have fairly presented the substance of the claim to the state courts, "thereby affording

---

[7] As noted before, Respondent also contends exhaustion and procedural default issues should apply to bar this Court's consideration of the merits of other grounds for relief pursued by Petitioner. The undersigned will not address exhaustion and procedural issues that may apply to state case number 3429 or to other aspects of state case number 6638, because the undersigned has decided that all grounds for relief, other than the claim in ground one that the judgments in state case number 6638 are not supported by a finding of paternity, should be dismissed for other reasons.

the state courts a "'fair opportunity" to apply controlling legal principles to the facts bearing'"

on the claim. **Wemark v. Iowa**, 322 F.3d 1018, 1020-21 (8th Cir. 2003) (quoting, in part,

Anderson v. Harless, 459 U.S. 4, 6 (1982) (per curiam)); accord **Baldwin v. Reese**, 541 U.S.

27, 29 (2004). "A claim has been fairly presented when a petitioner has properly raised the

same factual grounds and legal theories in the state courts which he is attempting to raise in

his federal habeas petition." **Wemark**, 322 F.3d at 1021 (quoting Joubert v. Hopkins, 75 F.3d

1232, 1240 (8th Cir. 1996)). A petitioner must also exhaust his state remedies, by giving "the

state courts one full opportunity to resolve any constitutional issues by invoking one complete

round of the State's established appellate review process." **Grass v. Reitz**, 643 F.3d 579, 584

(8th Cir. 2011) (internal quotation marks omitted) (quoting O'Sullivan v. Boerckel, 526 U.S.

838, 845 (1999)); **Baldwin**, 541 U.S. at 29 ("To provide the State with the necessary

'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court . . .

thereby alerting that court to the federal nature of the claim"). Claims that have not been

exhausted and fairly presented to the state courts are procedurally defaulted. **Wemark**, 322

F.3d 1022 (quoting Gray v. Netherland, 518 U.S. 152, 161-62 (1996)).

Missouri requires the raising of constitutional claims at the first available opportunity.

See **In re J.M.N.**, 134 S.W.3d 58, 73 (Mo. Ct. App. 2004); **In re T. E.**, 35 S.W.3d 497, 504

(Mo. Ct. App. 2001). Due to the limited scope of a direct appeal after a guilty plea, see note

5, supra, constitutional challenges to a guilty plea may be presented to the state court through

a post-conviction proceeding under Missouri Supreme Court Rule 24.035. That Rule

provides the "exclusive procedure" for presentation to state court of "claims that the

conviction or sentence imposed violates the . . . constitution of the United States, including claims of ineffective assistance of . . . counsel." Rule 24.035(b).  A decision on a Rule 24.035 motion may be appealed, Rule 24.035(k), and successive motions may not be filed, Rule 24.035(l).  Claims that should have been but were not presented in an amended post-conviction motion or on appeal from a denial of a post-conviction motion are procedurally defaulted and may not be considered in a federal habeas proceeding.  See, e.g., **Interiano v. Dormire**, 471 F.3d 854, 856 (8th Cir. 2006) (finding that claims not presented in an amended post-conviction motion under Mo. S. Ct. R. 29.15 or in the appeal from the denial of that motion are procedurally defaulted).

Petitioner was, therefore, required to present to a lower state court and an appellate state court, in a post-conviction proceeding under Rule 24.035, any federal constitutional claim he had regarding the 2010 guilty plea resulting in the imposition of sentence in state case 6638.  He has not, however, presented, in either his amended post-conviction motion in state case number 4085, or in any post-conviction appeal regarding that case, the claim that no paternity finding supports the convictions in state case number 6638.  Moreover, he cannot file another Rule 24.035 motion at this time.  Under the circumstances, Petitioner has not complied with Missouri's requirements for the presentation to the state courts of that federal habeas claim; Petitioner does not now have a state court remedy for presentation of that claim; and that ground for relief is, therefore, procedurally defaulted.  See **id.**; **Sweet v.  Delo**, 125 F.3d 1144, 1149-50 (8th Cir. 1997) (finding two of the petitioner's federal habeas claims defaulted because they were not presented at any stage of his post-conviction proceedings and

one of the petitioner's claims was defaulted because he "failed to raise it in his post-conviction appeal").

To the extent the undersigned should view Petitioner's federal habeas challenges as presenting challenges to the 2010 probation revocation proceeding and judgments regarding the felony offenses in state case numbers 3429 and 6638, a challenge to a probation revocation proceeding is not cognizable in a post-conviction motion proceeding when, as in this case, the movant has not been discharged from probation prior to the probation revocation proceeding.  <u>See</u>, <u>e.g.</u>, **Norfolk v. State**, 200 S.W.3d 36, 38 (Mo. Ct. App. 2006).  Instead, to exhaust a challenge to the 2010 probation revocation proceeding and judgments, Petitioner has to present such a challenge through a state habeas corpus petition.  <u>See</u> **Swallow v. State**, 398 S.W.3d 1, 7 (Mo. 2013) (en banc); **Teter v. State**, 893 S.W.2d 405, 405-06 (Mo. Ct. App. 1995); <u>see</u> <u>also</u> **Romano v. Wyrick**, 681 F.2d 555, 556 (8th Cir. 1982).

There is no indication of record, other than through non-specific statements of Petitioner, that any state habeas action was filed by Petitioner to challenge the 2010 probation revocation proceeding and judgments.  Without a more specific demonstration that Petitioner actually filed proper state habeas petitions challenging the 2010 probation revocation proceedings and judgment, the undersigned is unable to find that such a challenge was properly pursued in the state courts.  Moreover, even if, as he states, Petitioner has already pursued in a state circuit court a state habeas challenge to the 2010 probation revocation proceeding and judgments regarding the felony offenses in state case numbers 3429 and 6638, he must exhaust those claims by filing a state "habeas petition either with the Court of

Appeals of Missouri or the Supreme Court," but not both, before presenting them in a federal habeas proceeding.  **Romano**, 681 F.2d at 556-57.

While a state habeas petition such as the one Petitioner may seek to file must, absent good cause shown, be filed first in a state circuit court, Mo. S. Ct. 91.02(a), and then, after disposition by the circuit court, in the state appellate or supreme court, **Romano**, supra,  there is no time limitation for the filing of a state habeas petition under Missouri Supreme Court Rule 91, **Fletcher v. Armontrout**, 725 F. Supp. 1075, 1086 (Mo. Ct. App. 1989).  No party argues that pursuing such a proceeding at this time would be futile.  Therefore, Petitioner may now pursue such a proceeding and must do so before pursuing federal habeas challenges to the 2010 probation revocation proceeding and judgments regarding the felony offenses in state case numbers 3429 and 6638.  Due to the availability of this state court proceeding, the undersigned will recommend the dismissal of any such challenge from this federal habeas action without prejudice.

That recommendation does not change the above analysis of any challenge that should have been presented in Petitioner's post-conviction motion proceeding, state case number 4085.  As to that proceeding, Petitioner may not now present a challenge through a post-conviction motion proceeding and, as noted earlier, has procedurally defaulted such challenges.  Therefore, the undersigned must ascertain whether any challenge that should have been pursued through a post-conviction motion may be further addressed in this federal habeas proceeding.

Absent a showing of cause and prejudice or a miscarriage of justice, a federal habeas

court may not reach the merits of a federal constitutional claim procedurally defaulted due to a petitioner's failure to follow applicable state rules in raising the claim in state court. **Sawyer v. Whitley**, 505 U.S. 333, 338-39 (1992); accord **Skillicorn v. Luebbers**, 475 F.3d 965, 976-77 (8th Cir. 2007) ("Unless a habeas petitioner shows cause and prejudice or that he is actually innocent of the charges, a [federal habeas] court may not reach the merits of procedurally defaulted claims in which the petitioner failed to follow applicable state procedural rules in raising the claims"). "Cause for a procedural default exists where 'something *external* to the petitioner, something that cannot fairly be attributed to him[,] .. . 'impeded [his] efforts to comply with the State's procedural rule.'" **Maples v. Thomas**, 132 S. Ct. 912, 922 (2012) (alterations in original) (quoting Coleman v. Thompson, 501 U.S. 722, 753 (1991)). There is no exhaustive catalog of the objective impediments "and the precise contours of the cause requirement have not been clearly defined." **Ivy v. Caspari**, 173 F.3d 1136, 1140 (8th Cir. 1999). If no cause is established, it is unnecessary to consider whether Petitioner has demonstrated prejudice. **Abdullah v. Groose**, 75 F.3d 408, 413 (8th Cir. 1996) (en banc).

Petitioner has not demonstrated any cause for his failure to present to the state courts any challenge to the 2010 proceeding and judgments that should have been pursued in a post-conviction motion proceeding. Due to the absence of cause, the undersigned will not address the prejudice element of the cause and prejudice standard applicable to any such procedurally defaulted claim. See **id.**

The fundamental miscarriage of justice exception allowing resolution of a procedurally

defaulted claim on its merits "requires a habeas petitioner to present new evidence that affirmatively demonstrates that he is innocent of the crime for which he was convicted." **Abdi v. Hatch**, 450 F.3d 334, 338 (8th Cir. 2006). Petitioner must show not only new evidence, but "that 'it is more likely than not that no reasonable [fact-finder] would have convicted him in light of th[at] new evidence.'" **Osborne v. Purkett**, 411 F.3d 911, 920 (8th Cir. 2005) (quoting Schlup v. Delo, 513 U.S. 298, 327 (1995)); accord **House v. Bell**, 547 U.S. 518, 536-39 (2006) (Schlup standard applies to determine whether defaulted claims in a first federal habeas petition should be considered based on actual innocence). Evidence is "new" for purposes of this test "if it was 'not available at [the plea] and could not have been discovered earlier through the exercise of due diligence.'" **Osborne**, 411 F.3d at 920 (quoting Amrine v. Bowersox, 238 F.3d 1023, 1029 (8th Cir. 2001)). "'Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim.'" **Cagle v. Norris**, 474 F.3d 1090, 1099 (8th Cir. 2007) (quoting Schlup, 513 U.S. at 316).

Petitioner has not submitted any new evidence of his actual innocence so as to permit this Court to consider the merits of any of Petitioner's defaulted claims, the claims regarding the 2010 proceeding and judgments that could have been presented in a post-conviction motion proceeding.

Under the circumstances, any challenge to the 2010 proceeding and judgments that should have been and was not presented in Petitioner's post-conviction motion proceeding,

state case number 4085, is procedurally barred due to Petitioner's procedural default and failure to demonstrate either cause and prejudice or a fundamental miscarriage of justice sufficient to support consideration of the merits of such a procedurally barred claim. Therefore, the undersigned will recommend the dismissal of any such claim without further consideration of its merits.

Pending Motions. In Document 158, Petitioner presents additional argument regarding the merits of his claims arising out of state case numbers 3429 and 6638, and asks this Court for review of his request for issuance of a writ under Rule 91 (which addresses state habeas proceedings). The latter is not before this Court in a federal habeas proceeding. The undersigned has considered matters properly considered by this Court in this federal habeas proceeding and will not discuss the other unrelated matters.

In Document 159, Petitioner seeks a court order that certain specified materials not clearly related to this federal habeas proceeding be disclosed to him by numerous entities, agencies, and individuals who are not now parties to this proceeding. Because such a request is not before this Court in a federal habeas proceeding, the undersigned will not discuss this request.

In Document 161, Petitioner presents further argument in support of his claims arising out of state case numbers 3429 and 6638, requests that he be discharged from one or more debts, and asks that he recover various monies. The latter two matters are not before this Court in this federal habeas proceeding. The undersigned has considered matters properly considered by this Court in this proceeding and will not discuss the other unrelated matters.

In Document 162, Petitioner makes additional argument in support of the merits of his claims challenging state case numbers 3429 and 6638; urges that he has been retained in custody beyond the terms of incarceration imposed in those cases; and contends he needs redress for the conditions of his confinement and other circumstances unrelated to this federal habeas proceeding. The undersigned has considered matters properly considered by this Court in this federal habeas proceeding and will not discuss the other unrelated matters.

In Document 171, Petitioner seeks entry of summary and declaratory judgments in his favor. Having addressed the issues in this federal habeas proceeding, the undersigned will not further discuss this motion.

Having carefully considered Petitioner's federal habeas claims, including all arguments presented by Petitioner, and having recommended that the petition be dismissed, the undersigned recommends that Petitioner's pending motions and requests be denied to the extent they present issues unrelated to this federal habeas proceeding and otherwise be denied as moot.

## Conclusion

After careful consideration, the undersigned recommends that Petitioner's federal habeas petition be dismissed without prejudice insofar as Petitioner challenges the 2010 probation revocation proceeding and judgments in state case numbers 3429 and 6638 that should be exhausted through state habeas proceedings; and recommends that in all other respects Petitioner's federal habeas petition be dismissed. The undersigned also recommends that all of Petitioner's pending motions and requests be denied to the extent they are not

related to this federal habeas proceeding and otherwise be denied as moot.

Accordingly, after careful consideration,

**IT IS HEREBY ORDERED** that the Clerk of the Court shall **PLACE and MAINTAIN UNDER SEAL** the materials previously filed in the public record as Documents 169-1 and 169-2.

**IT IS FURTHER RECOMMENDED** that all of Petitioner's pending motions and requests, including those in Documents 158, 159, 161, 162, and 171, be **DENIED** to the extent they are not related to this federal habeas proceeding, and otherwise be **DENIED** as moot.

**IT IS FURTHER RECOMMENDED** that the 28 U.S.C. § 2254 federal habeas petition of Rafael A. Jones be **DISMISSED without prejudice** without further proceedings to the extent Petitioner presents challenges to the July 2010 probation revocation proceeding and judgments in state case numbers 3429 and 6638 that should be exhausted by presentation through state habeas proceedings.

**IT IS FINALLY RECOMMENDED** that, in all other respects, the 28 U.S.C. § 2254 petition of Rafael A. Jones be **DISMISSED** without further proceedings.

The parties are advised that they have **fourteen days** to file written objections to this Recommendation and the Memorandum incorporated herein pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in waiver of the right to appeal questions of fact.

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this 18th day of August, 2014.